772 A.2d 1252

MARYLAND COMMISSIONER OF LABOR AND INDUSTRY

v.

COLE ROOFING COMPANY, INC.

No. 2025, Sept. Term, 1999.

Court of Special Appeals of Maryland.

May 30, 2001.

Gaston J. Sigur, III, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Jonathan R. Krasnoff, Sherrie Black and Jean Baker, Asst. Attys. Gen. on the brief), Baltimore, for appellant.

Randi Klein Hyatt (Frank L. Kollman, Sara A. Waranch and Kollman & Sheehan, P.A. on the brief), Baltimore, for appellee.

Argued before HOLLANDER, JAMES R. EYLER and ROBERT L. KARWACKI (Retired, specially assigned), JJ.

ROBERT L. KARWACKI, Judge, Retired, specially assigned.

In this case we are required to review an application of Maryland's Occupational Safety and Health Act of 1973, Maryland Code (1999), Title 5 of the Labor and Employment Article ("the Act"), by the Maryland Occupational and Safety Health Unit, Division of Labor, Licensing and Regulation ("MOSH"). The several issues presented arose under the following circumstances.

On July 29, 1997, a MOSH inspector conducted an inspection at a construction site where the appellee and cross-appellant, Cole Roofing Company, Inc. ("Cole"), was installing a flat roof at Chesapeake High School in Anne Arundel County. The inspector observed at least five Cole employees, one of whom was the foreman, Joseph Baldwin, working on the roof near where roofing supplies had been placed. The MOSH inspector determined that none of the persons were protected by fall protection as mandated by regulations adopted by the Commissioner of Labor, Licensing and Regulation ("the Commissioner"), the appellant and cross-appellee. Based upon these observations, MOSH issued two citations:

"Citation 1, Item 1: Type of violation: Repeat Serious

29 CFR 1926.501(b)(10): Each employee engaged in roofing activities on low-slope roofs, with unprotected sides and edges 6 feet (1.8 m) or more above lower levels was not protected from falling by guardrail systems, safety net systems, personal fall arrest systems, or a combination of warning line system and guardrail system, warning line system and safety net system, or warning line system and fall arrest system, or warning line system and safety monitoring system:

(a) Date of Violation: 7/29/97

Location: Front Side of High School

Condition: Employees were working on a flat roof that ranged in height from 11' to 12' without protection from falling.

Citation 2, Item 1: Type of violation: Serious

29 C.F.R. 1926.152(a)(1): Containers and portable tanks used for the storage and handling of flammable and combustible liquids were not approved:

(a) Date of Violation: 7/29/97

Location: Front of High School

Condition: Gasoline was stored in a 5 gallon metal container that did not have a flash arrestor or self closing lid."

MOSH assessed Cole a $3000 penalty for Citation 1 and a $262 penalty for Citation 2.

Cole contested both citations, and a hearing was held before a hearing examiner whom MOSH designated pursuant to § 5–214(a),(e) of the Md. Lab. & Empl.Code (1999).[1] Following that hearing, the hearing examiner recommended that both citations against Cole be sustained.

Cole requested the Commissioner to review the recommendation of the hearing examiner, and the Commissioner designated his deputy to hold that hearing. After the hearing was held, the Deputy Commissioner adopted the proposal of the hearing examiner.

Cole sought judicial review of the final decision of the Commissioner by the Circuit Court for Anne Arundel County. It argued with regard to Citation 1, alleging a violation of 29 C.F.R. 1926.501(b)(10), that the Deputy Commissioner erred in placing the burden of proving unforeseeable employee misconduct upon Cole, as the employer, rather than requiring MOSH to bear the burden of proving that preventable employee misconduct was the cause of the violation. Cole also

---

1. Unless otherwise noted, all further statutory references are to this edition of the Labor and Employment Article of the Md.Code.

asserted that the Deputy Commissioner erred in characterizing Citation 1 as a repeat violation and in concluding that Citation 2, alleging the use of an unapproved container for storage and handling of flammable liquids, had been proven by MOSH.

After a hearing, the circuit court reversed the Deputy Commissioner on the burden of proof issue as to Citation 1, and remanded the case to the Commissioner for further hearing on that Citation. The court, however, affirmed the Deputy Commissioner's ruling that the nature of the violation alleged in Citation 1, if established at the remand hearing, would be a repeat violation. The court also agreed with the Deputy Commissioner that MOSH had proven the container violation alleged in Citation 2. This appeal by the Commissioner and cross-appeal by Cole ensued.

The Commissioner presents two questions in his appeal. Cole raises two additional issues in its cross-appeal. We have rephrased them as follows: [2]

1.   Who bears the burden of proof on the issue of whether the violation charged in Citation 1 was caused by foreseeable or unforeseeable conduct by Cole's employees?

2.   Was the Commissioner's decision as to Citation 1 supported by substantial evidence?

---

**2.**  The Commissioner asked:
   1.   Did the circuit court err in imposing on MOSH the affirmative burden of establishing that the violations were not caused by unpreventable employee misconduct?
   2.   Did the circuit court err in failing to affirm the Deputy Commissioner's decision as supported by substantial evidence?
Cole's cross-appeal asked:
   A.   Whether the circuit court properly held that MOSH bears the burden of proving the absence of employee misconduct in its case-in-chief.
   B.   Whether the Commissioner erred in finding that Cole did not prove unpreventable employee misconduct.
   C.   Whether the circuit court erred as a matter of law in holding that Cole had committed a repeat violation.
   D.   Whether the circuit court erred in affirming Citation 2.

3. Was the violation charged in Citation 1 a repeat violation under the Act?

4. Was there substantial evidence to support the Commissioner's decision as to Citation 2?

*Maryland's Occupational and Safety Health Act.*

The purpose of the Act is to "assure as far as possible every working man and woman in the State of Maryland safe and healthful working conditions and to preserve our human resources[.]" § 5–102(b). In that regard, an employer is under *a general duty* to furnish each of his employees employment and a place of employment which are safe and healthful as well as free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees, § 5–102(b), and is under *a specific duty* to comply with the rules, regulations, and orders promulgated under the Act. *Id.* In the instant case, Cole was charged with violation of two specific safety standards which were adopted by the Commissioner by reference to federal standards that had been promulgated by the Secretary of Labor as authorized by the federal Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq.* ("OSHA"). *See* § 513 of the Act and COMAR 09.12, 20A.

The Maryland Act is modeled after the federal OSHA, and consequently, Maryland courts rely for guidance in construing the Act on federal cases interpreting the federal OSHA. *Comm. of Labor v. Bethlehem Steel,* 344 Md. 17, 30, 684 A.2d 845 (1996) (*Bethlehem II*); *Bethlehem Steel v. Comm. Of Labor,* 339 Md. 323, 328, 662 A.2d 256 (1995) (*Bethlehem I*); *J.I. Hass Co. v. Dept. Of Licensing & Regulation,* 275 Md. 321, 330, 340 A.2d 255 (1975). The Act does not impose strict liability upon an employer nor require an employer to act as an insurer. *J.I. Hass Co., Inc. v. Dept. Of Licensing & Regulation,* 275 Md. at 331–33, 340 A.2d 255. Instead, the Act is intended to eliminate only preventable hazards so that the effort made by the employer to prevent hazards is the focal point of any inquiry into a violation by an employer of the

general duty clause or a specific standard adopted by the Commissioner, not the happening of the violation. *J.I. Hass Co., Inc. v. Dept. Of Licensing & Regulation, Id.; Kettler Bros. v. Dept. Of Licensing & Regulation,* 39 Md.App. 597, 605–06, 387 A.2d 1145.

The Act sets forth the scope of judicial review of the Commissioner's order. Section 5–215(c)(1) provides that the order must be upheld if it is not legally erroneous and reasonably is based upon substantial evidence. *Bethlehem II,* 344 Md. at 24, 684 A.2d 845.

### Burden of Proof

Cole offered substantial evidence that it had established a detailed and effective safety program that required strict adherence to MOSH regulations. This safety program was enforced by it, and to that end, frequent inspections were made to uncover violations. The site that was involved on the date of the inspection which resulted in the issuance of the citations at issue in the instant case had been inspected by Cole's management on several occasions prior to July 27, 1997, and no violations of MOSH standards were observed.

Evidence was also offered that Cole provides its new employees safety training for working at elevated sites and that this training continues throughout the person's employment. The president of Cole testified that he oversees every aspect of its business, including the enforcement of its safety rules. He stated that in accordance with his company's safety handbook, it was the responsibility of Mr. Baldwin, the foreman in charge of the work being done on July 27, 1997, to see that in accordance with Cole's safety program warning lines for fall protection were set up on the roof. He also testified that Mr. Baldwin had an excellent safety record and that he was disciplined for his conduct which resulted in Citation 1 being issued by MOSH.

Based upon this evidence, Cole argued before the hearing examiner and later before the Deputy Commissioner, that this was a classic case of unforeseeable supervisory misconduct for

which Cole should not be responsible. MOSH offered no additional evidence on this issue but argued that Cole had offered an affirmative defense to Citation 1 and that its evidence was insufficient to meet its burden of persuasion. The hearing examiner agreed with MOSH, and her proposed decision was adopted by the Deputy Commissioner.

The appellate courts of this State have not heretofore addressed the issue of who bears the burden of proving whether the offending conduct of the employee, for which the employer has been cited, was preventable or unpreventable by the employer. Most of the U.S. Circuit Courts, however, have done so. Unfortunately, there is a difference of opinion among the various circuits.

The Fourth Circuit has taken the view that where opposing evidence has been offered before the Occupational Safety and Health Review Commission ("OSHRC") by the Secretary of Labor and the employer as to the adequacy of a safety program designed to avoid potential danger to employees and the enforcement thereof by the employer, the Secretary of Labor bears the burden of persuading the Commission that the employer's safety program or its enforcement was not adequate enough to render the violations unforeseeable or unpreventable by the employer. *L.R. Willson & Sons, Inc. v. OSHRC*, 134 F.3d 1235 (4th Cir.), *cert. denied*, 525 U.S. 962, 119 S.Ct. 404, 142 L.Ed.2d 328 (1998); *Ocean Electric Corp. v. Secretary of Labor*, 594 F.2d 396 (4th Cir.1979). Other Circuits agree. *Mountain States Tel. & Tel. Co. v. OSHRC*, 623 F.2d 155 (10th Cir.1980); *Pennsylvania Power & Light Co. v. OSHRC*, 737 F.2d 350 (3rd Cir.1984); *Capital Electric Line Builders of Kansas, Inc. v. Marshall*, 678 F.2d 128 (10th Cir.1982).

Other circuits have taken the contrary view; those courts hold that unforeseeable and therefore unpreventable employee misconduct is an affirmative defense as to which an employer bears the burden of persuasion. *New York State Electric & Gas Corp. v. Secretary of Labor*, 88 F.3d 98 (2d Cir.1996); *Brock v. L.E. Myers Co.*, 818 F.2d 1270 (6th Cir.), *cert. denied*,

484 U.S. 989, 108 S.Ct. 479, 98 L.Ed.2d 509 (1987); [3] *Daniel Int'l Corp. v. OSHRC*, 683 F.2d 361 (11th Cir.1982); *H.B. Zachry Co. v. OSHRC*, 638 F.2d 812 (5th Cir.1981); *General Dynamics Corp. v. OSHRC*, 599 F.2d 453 (1st Cir.1979); *Danco Constr. Co. v. OSHRC*, 586 F.2d 1243 (8th Cir.1978).

The U.S. Circuit Courts that place the burden upon the Secretary begin their analysis by referring to the rules governing procedure before the federal O.S.H. Commission, 29 C.F.R. §§ 2200.1, *et seq.* (in all proceedings commenced by the filing of a notice of contest, the burden of proof shall rest with the Secretary of Labor).[4] Those courts then emphasize that Congress in enacting OSHA did not require employers to be an insurer of employee safety, but rather that employers are to promote such safety "as far as possible," citing 29 U.S.C. § 651(b). Thus, they conclude that to sustain its burden of proof the representatives of the Secretary of Labor must prove the absence of employee misconduct as part of their case to establish an OSHA violation by the employer.

Those U.S. Circuit Courts that place the burden of proof upon the employer treat the question of whether the cited violation of OSHA was caused by the adequacy of the employer's safety program and its enforcement as an affirmative defense that must be proven by the employer who raises it.

We are persuaded that the Fourth Circuit and the circuits that agree with it have properly placed the burden upon the Secretary of Labor. Accordingly, following their guidance, we hold that where the employer defends a MOSH citation on the basis that the violation was caused by unforeseeable, and therefore unpreventable, employee misconduct, that the burden of proving foreseeable and preventable employee misconduct should be born by MOSH.

---

**3.** See the dissenting opinion of Justice White on the denial of certiorari that was joined by Justice O'Connor.

**4.** MOSH regulations state in a citation case, the MOSH representative shall proceed first and shall present all evidence. In an abatement case, the employer or the employer's representative shall proceed first. COMAR 09.12.20.15.D.

In the instant case, substantial evidence was presented by both MOSH and Cole on the issue of the adequacy of Cole's safety program and its enforcement. The question was therefore one of mixed law and fact, which must be resolved by the Commissioner or the Deputy Commissioner after a new hearing on Citation 1. For this reason, we shall affirm the ruling of the circuit court on this issue.

### *Repeat Violation*

■ In addition to being cited for a violation of 29 C.F.R. § 1926.501(b)(10),[5] MOSH characterized that violation as a repeat one, subjecting Cole to enhanced penalties pursuant to § 5–810 of the Act. The hearing officer and the Deputy Commissioner agreed, and the circuit court affirmed those decisions. The former violation on which the Deputy Commissioner relied was a 1995 violation by Cole of 29 C.F.R. § 1926.501(b)(11).[6] Cole asserts that as a matter of law the currently alleged violation, if established, would not constitute a repeat violation of the 1995 offense. We agree.

■ The Court of Appeals in *Bethlehem II*, 344 Md. 17, 684 A.2d 845 (1996), addressed the same issue and held that in order to establish that a violation is a repeated one for

---

**5.** 29 C.F.R. § 1926.501(b)(10) provides:

Roofing work on Low-slope roofs. Except as otherwise provided in paragraph (b) of this section, each employee engaged in roofing activities on low-slope roofs, with unprotected sides and edges 6 feet (1.8 m) or more above lower levels shall be protected from falling by guardrail systems, safety net systems, personal fall arrest systems, or a combination of warning line system and guardrail system, warning line system and safety net system, or warning line system and personal fall arrest system, or warning line system and safety monitoring system. Or, on roofs 50-feet (15.25 m) or less in width (see Appendix A to subpart M of this part), the use of a safety monitoring system alone [i.e. without the warning line system] is permitted.

**6.** 29 C.F.R. § 1926.501(b)(11) provides:

Steep roofs. Each employee on a steep roof with unprotected sides and edges 6 feet (1.8 m) or more above lower levels shall be protected from falling by guardrail systems with toeboards, safety net systems, or personal fall arrest systems.

purpose of enhanced penalty under § 5–810, MOSH must prove:

(1) the same standard has been violated more than once;

(2) there is a substantial similarity of violative elements between the current and prior violations; and

(3) the prior citation on which the repeated violation is based has become a final order of the Commissioner.

*Id.* at 38, 684 A.2d 845.

MOSH failed to prove two of these elements. The specific standard violated in the 1995 case was different than the specific standard allegedly violated in the instant case. Both specific standards are grouped under 29 C.F.R. § 1926.501, entitled "Duty to have fall protection." In addition to the specific standards applicable to "Roofing work on Low-slope roofs," (b)(10), there are other work environments listed which cover a myriad of conditions for different work places. The standards applicable to low-slope roof work vary significantly from those applicable to steep roofs and other elevated work places described under 29 C.F.R. § 1926.501. Consequently, MOSH failed to prove that there was a substantial similarity of violative elements between the current alleged violation and the 1995 violation. Accordingly, we shall reverse the judgment of the circuit court with instructions to advise the Commissioner that on remand the alleged violation of 29 C.F.R. 1926.501(b)(10) shall not be characterized as a repeat violation.

### *The Noncompliant Gas Can*

■ Citation 2 issued by MOSH charged Cole with violating 29 C.F.R. 1926.152(a)(1) on July 29, 1997. That standard provides, in pertinent part:

"General requirements. (1) Only approved containers and portable tanks shall be used for storage and handling of flammable and combustible liquids. Approved metal safety cans shall be used for the handling and use of flammable liquids in quantities greater than one gallon . . ."

29 C.F.R. § 1926.155(a) defines "approved" to apply to "equipment that has been listed or approved by a nationally recognized testing laboratory ... which issue approvals for such equipment." "[S]afety can" is defined in 29 C.F.R. § 1926.155(1) as "an approved closed container, of not more than 5 gallon capacity, having a flash-arresting screen, spring-closing lid and spout cover and so designed that it will safely relieve internal pressure when subjected to fire exposure."

In its cross-appeal, Cole asserts that there was no substantial evidence offered by MOSH to support the finding of the Deputy Commissioner that Cole was in violation of the standard for which it had been cited. The circuit court disagreed and we shall affirm its judgment on this issue.

The evidence established that a red five-gallon metal gas can without either a flash arrester or a self-closing lid was in use on the site on July 27, 1997. Furthermore, the MOSH inspector learned from Cole employees that the can contained gasoline and that it had been so used on the job on the morning of the inspection. That evidence was substantial and supported the Deputy Commissioner's finding that Citation 2 had been sustained.

**JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY WITH DIRECTION TO REMAND THE CASE TO THE COMMISSIONER OF LABOR AND INDUSTRY WITH INSTRUCTIONS TO HOLD A NEW HEARING ON CITATION 1 IN ACCORDANCE WITH THIS OPINION.**

**COSTS TO BE PAID, TWO-THIRDS BY APPELLANT-CROSS APPELLEE AND ONE-THIRD BY APPELLEE-CROSS APPELLANT.**